# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRIAN WATKINS,                )
                              )
      Petitioner,         )
                              )
v.                            )    Case No. CIV-16-128-D
                              )
JOE M. ALLBAUGH, Interim      )
Director of the Oklahoma      )
Department of Corrections,    )
                              )
      Respondent.[1]       )

## REPORT AND RECOMMENDATION

Proceeding under 28 U.S.C. § 2254, Brian Watkins (Petitioner), a state prisoner appearing pro se, seeks federal habeas corpus relief. Doc. 1.[2] United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned United States Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

Because "it plainly appears from the petition and [the] attached exhibits that [P]etitioner is not entitled to relief in the district court," the

---

[1] Petitioner is incarcerated at Lawton Correctional Facility (LCF), a private prison in Oklahoma. Under Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts, Joe M. Allbaugh, Interim Director of the Oklahoma Department of Corrections (DOC), is the proper respondent and is substituted as the named Respondent in this case. *See generally* Fed. R. Civ. P. 25(d).

[2] Citations reflect this Court's CM/ECF designation and pagination. The undersigned alters Petitioner's use of the upper-case but otherwise quotes him verbatim.

undersigned recommends its summary dismissal without prejudice to refiling. Rule 4, Rules Governing Section 2254 Cases.[3]

## I. Petitioner's claims.

Petitioner purports to challenge his January 8, 2013 conviction and sentence in the District Court of Oklahoma County, Case No. CF-2013-6802. Doc. 1, at 1. He bases an entitlement to federal habeas relief on four grounds. *Id.* at 4-12.

First, Petitioner claims mailroom officers at his current place of incarceration, LCF, impeded his "federal legal process" by "with holding postmark mail," specifically an order in "CIV-15-651" "to have amended complaint filed . . . ."[4] *Id.* at 5.

Petitioner describes his second ground as "infringement opon a protected liberty interest with plea agreement criteria term of balance suspended opon drug program," and alleges as supporting facts that "on 1-8-13 plaintiff signs plea agreement with state, (10) years balance s/s upon completion, plaintiff receives termination by Patsy Whitmoore, without disciplinary hearing or notice of proceedings to sentencing court." *Id.* at 6.

---

[3] The court may apply § 2254 rules to a § 2241 petition, which the undersigned construes his petition to be. *See Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005); *infra* § II.A.

[4] This reference is to Petitioner's pending 42 U.S.C. § 1983 action. *See Watkins v. Bryant*, Case No. CIV-15-651-HE (W.D. Okla.).

2

Third, Petitioner claims a "conspiracy by state officials to violate prisoners first and fourteenth amendments rights to petition the government to redress grievances." *Id.* at 8. He maintains prison officials misuse the grievance process "to harass and retaliate . . . ." *Id.* at 9.

Petitioner's final ground for relief is the "violation to procedural due process to disciplinary hearing process in question to right to be informed opon notice to terminate court ordered program[.]" *Id.* at 12. He states the following supporting facts:

> The plaintiff was given no notice nor disciplinary procedure before being terminated by Patsy Whitmoore program administrator on approx 6-25-14, violating due process to plea agreement signed on 1-8-13, the initial start date was 6-14 to complete by Dec-2-2014 catch program administrator failed to contact sentencing court as well, the plaintiff had procedural protection to complete plea criteria at estimated completion date.

*Id.*

As relief, Petitioner asks for "evidentiary review," a "writ to appear at hearing," and "negotiation on release, & compensation, for (48) months of hardship which inevitably has effected the duration of time to be served[.]" *Id.* at 16.

## II. Analysis.

### A. Construction of Petitioner's allegations.

Petitioner brought this action for habeas corpus relief under 28 U.S.C. § 2254. Doc. 1. But "§ 2254 habeas . . . proceedings . . . are used to

3

collaterally attack the validity of a conviction and sentence . . . ." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). On the other hand, "[p]etitions under § 2241 are used to attack the execution of a sentence [and] the fact or duration of a prisoner's confinement . . . ." *Id.* at 811-12.

Petitioner's allegations do not implicate § 2254; he does not question the validity of his state court conviction and sentence. Instead, he alleges he "was given no notice nor disciplinary procedure before being terminated" from the "catch" (CATCH) program "by Patsy Whitmoore program administrator . . . violating due process to the plea agreement signed on 1-8-13 . . . ." Doc. 1, at 12. He contends this was a "court ordered program" and that he "had procedural protection to complete plea criteria at estimated completion date." *Id.*

Petitioner challenges how a prison official has carried out the terms of his plea agreement and sentence, and the undersigned liberally construes his claims under § 2241.

### B. Petitioner states no facts showing that his termination from the CATCH program has affected the fact or duration of his confinement.

Petitioner alleges he entered into a plea agreement on January 8, 2013, requiring him to serve, in his shorthand, "(10) years balance s/s upon completion . . . ." *Id.* at 1, 6. He attached various exhibits to his petition, *id.* Atts. 1-11, to, in part, establish the "criteria," *id.* at 6, 12, of that plea

4

agreement. Included in the exhibits are copies of two pages of the state court docket report in Case No. CF-2013-7075.[5] *Id.* Atts. 8, 9. On the first of these pages, Petitioner highlights a docket entry dated January 8, 2014,[6] and labeled "CONVICTED." *Id.* Att. 8. The docket entry summarizes Petitioner's appearance for plea and sentencing and states that the sentence is "concurrent with CF-13-6802."[7] *Id.* It documents the plea and sentencing proceeding as follows:

---

[5]  This case resulted in what Petitioner terms his "cocurrent sentence." Doc. 1, at 1. Public records of the District Court of Oklahoma, *see* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cf-2013-7075 (last accessed Mar. 16, 2016), confirm that Petitioner entered a negotiated guilty plea in this matter on January 8, 2014, to a charge of unauthorized use of a vehicle.

The undersigned takes judicial notice of these public records. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

[6]  Petitioner mistakenly identifies January 8, 2013 as the date of his plea and sentencing. Doc. 1, at 1, 6, 12.

[7]  Similarly, public records of the District Court of Oklahoma, *see* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=cf-2013-6802 (last accessed Mar. 17, 2016), document Petitioner's January 8, 2014, plea and sentencing in Case No. CF-2013-6802:

> JUDGE L. JONES COMES ON FOR PLEA AND SENTENCING. DEFT APPEARS IN PERSON, IN CUSTODY, WITH COUNSEL CANNON. STATE PRESENT BY ADA BROWN. DEFT ENTERS A NEGOTIATED PLEA OF GUILTY AND SENTENCED TO (10) YRS TO DO DOC WITH CREDIT FOR TIME SERVED ON

> JUDGE L. JONES COMES ON FOR PLEA AND SENTENCING. DEFT APPEARS IN PERSON, IN CUSTODY, WITH COUNSEL CANNON. STATE PRESENT BY ADA BROWN. DEFT ENTERS A NEGOTIATED PLEA OF GUILTY AND SENTENCED TO (10) YRS TO DO DOC WITH CREDIT FOR TIME SERVED, CONCURRENT WITH CF-13-6802. BALANCE OF SENTENCE TO BE SUSPENDED UPON COMPLETION OF RTP. DEFT TO PAY: $50 FINE, $45 VCA, COURT COSTS. ALL COSTS DUE INSTANTER. COURT REPORTER WAIVED. BOND EXONERATED, IF ANY. COMMITMENT ISSUED.

*Id.* Through this exhibit, Petitioner states the terms[8] of the agreement and sentence: ten years in DOC custody, with credit for time served, and with the balance of the sentence to be suspended upon his completion of "RTP." *Id.*

Information published on the DOC's public Website advises that "RTP" is the abbreviation for the Regimented Treatment Program. *See* https://www.ok.gov/doc/documents/bjcc.pdf (last accessed Mar. 17, 2016). The program is available at the Charles E. "Bill" Johnson Correctional Center, a facility in Alva, Oklahoma, which houses felony drug-offenders who are assigned to RTP or to a delayed sentencing program. *Id.* The RTP has:

---

> COUNT 2, COUNT 1 DISMISSED PER PLEA. SENTENCE CONCURRENT WITH CF-13-7075. BALANCE OF SENTENCE TO BE SUSPENDED UPON COMPLETION OF RTP. DEFT TO PAY: $50 FINE, $45 VCA, $150 LAB FEE TO OCPD, $200 CAA FEE, $150 MHA, COURT COSTS. ALL COSTS DUE INSTANTER. COURT REPORTER WAIVED. BOND EXONERATED, IF ANY. COMMITMENT ISSUED.

[8]   Petitioner states no facts to demonstrate that the agreement and sentence included other terms. Specifically, Petitioner states no facts to show that the trial court ordered the DOC to assign Petitioner to the RTP, to the CATCH program, or to any other program. Doc. 1.

three phases beginning with high structure treatment. The following 6-9 months include participation in Therapeutic Community (TC), cognitive and behavioral counseling, education, substance abuse treatment, and re-entry programs in addition to public works projects. Public works projects include Department of Transportation crews and several other city, county, and state projects. Aftercare is provided to RTP graduates upon discharge or release to suspended sentence or parole.

*Id.* Similarly, the DOC provides the following description of its CATCH – Changing Attitudes to Change Habits – program:

> The CATCH program is a long-term substance abuse program which provides services for offenders on the minimum-and-medium-security sides of the facility who are within five years or less from discharge. Services include assessment, evaluation, education, therapy, behavior training, counseling, referrals, and after care.

*See* https://www.ok.gov/doc/documents/macc.pdf (last accessed Mar. 17, 2016).

Petitioner affirmatively demonstrates through his petition and attached exhibit that the state district court's *sole* "plea criteria," Doc. 1, at 12, for the suspension of the balance of Petitioner's ten-year sentence is his "completion of RTP." *Id.* Att. 8. Nonetheless, Petitioner does not allege that Patsy Whitmoore – or any other prison official – terminated him from the RTP and only complains about his termination from the CATCH program. Doc. 1, at 12. As such, Petitioner alleges no facts to demonstrate that Patsy Whitmoore's actions have affected the fact or duration of his confinement.

## III. Petitioner's conditions of confinement claims are not cognizable under § 2241.

The claims Petitioner asserts against (unnamed) prison officials for alleged irregularities and misuse in the mailroom and grievance process are not cognizable in a habeas petition brought pursuant to 28 U.S.C. § 2241. Petitioner must raise his constitutional challenges to the conditions of his confinement in an action brought under 42 U.S.C. § 1983. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000) ("[F]ederal claims challenging the conditions of . . . confinement generally do not arise under § 2241").

## IV. Recommendation and notice of right to object.

Because "it plainly appears from the petition and [the] attached exhibits that [P]etitioner is not entitled to relief in the district court," the undersigned recommends summary dismissal without prejudice to refiling. Rule 4, Rules Governing Section 2254 Cases. If the court adopts this recommendation,[9] the undersigned further recommends the denial, as moot, of Petitioner's motion to appoint counsel. Doc. 6.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before April 13, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The

---

[9] Adoption of the recommendation would foreclose an evidentiary hearing and the requisite appointment of counsel. *See* Rule 8, Rules Governing Section 2254 Cases.

undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 24th day of March, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE