# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN WATKINS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JOE M. ALLBAUGH, ) <br> Interim Director of the ) <br> Oklahoma Department of ) <br> Corrections, ) <br> ) <br> Respondent. ) | Case No. CIV-16-128-D |

## **O R D E R**

Brian Watkins, a state prisoner appearing pro se, objects to the Magistrate Judge's Report and Recommendation (R&R)[Doc. No. 11], which recommended that his Petition for Writ of Habeas Corpus be dismissed, without prejudice, for failure to state a cognizable claim for relief. Exercising de novo review under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court accepts the R&R for the reasons stated below.

Pursuant to a plea agreement, Petitioner pled guilty to the offense of unauthorized use of a vehicle in violation of 47 OKLA. STAT. § 4-102. Under the terms of the plea, Petitioner was sentenced to ten years' imprisonment, to run concurrently with his sentence in another case, with credit for time served. The balance of Petitioner's sentence was to be suspended upon his completion of the

Department of Corrections' Regimented Treatment Program or "RTP."

Petitioner bases his entitlement to federal habeas relief on four grounds: (1) he contends prison mail room officers impeded his constitutional rights by withholding his mail; (2) prison officials infringed upon a protected liberty interest in his plea agreement by "terminating" him without a disciplinary hearing or notice to the sentencing court; (3) state officials conspired to deprive him of his right to seek redress for grievances under the First and Fourteenth Amendments; and (4) his right to procedural due process was violated because he "was given no notice nor disciplinary procedure before being terminated by Patsy Whitmore[,] program administrator. . . .program administrator failed to contact sentencing court as well." *See* Petition for Writ of Habeas Corpus at 11 [Doc. No. 1].

The matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings under 28 U.S.C. § 636(b)(1)(A). Judge Mitchell construed Petitioner's allegations as seeking relief under 28 U.S.C. § 2241, as opposed to § 2255, since Petitioner was challenging how a prison official executed the terms of his sentence and not the validity of his conviction. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (noting § 2241 is used to challenge the execution of a prisoner's sentence and § 2254 is used to challenge the validity of a conviction and sentence). Under this standard, Judge Mitchell, in reviewing the Petition and supporting exhibits,

interpreted the Petition as challenging Petitioner's dismissal from a separate substance abuse program, the "CATCH" program. Judge Mitchell found Petitioner failed to produce sufficient facts showing his dismissal from the CATCH program affected either the fact or duration of his confinement. She also concluded that Petitioner's complaints regarding alleged irregularities in the prison mail room and grievance process were not cognizable in a § 2241 action.

Having reviewed Petitioner's initial petition and his objection to the R&R, the Court is likewise unable to ascertain any cognizable claim for relief. Though the Court is required to construe Petitioner's pleadings liberally, it does not "assume the role of advocate" and "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Although some allowance is made for certain deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Finally, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991)).

Petitioner has failed to present sufficient facts to support the contention that his dismissal from the substance abuse program at issue affected either the fact or duration of his incarceration. In addition, his complaints of improper conduct in the prison mail room and against unnamed prison officials' for their handling of the grievance process are not proper subjects for a § 2241 action. To the extent Petitioner seeks to assert a claim for conspiracy or a First and Fourteenth Amendment violation based on his conditions of confinement, he must bring them in a civil rights action under 42 U.S.C. § 1983. *See Akers v. Davis*, 400 F. App'x 332, 335 (10th Cir. 2010) (unpublished) ("It is clear ... that a § 2241 habeas proceeding is not a permissible means for [petitioner] to challenge defendant's handling of his mail."); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action ... attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (internal quotations and citation omitted).

Accordingly, Petitioner's objection [Doc. No. 11] to the Magistrate Judge's Report and Recommendation [Doc. No. 9] is overruled and the Report and

Recommendation is **ADOPTED** in its entirety. The present action is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered forthwith.

**IT IS SO ORDERED** this 9th day of May, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE